STATE EX REL. GUSE, Appellant, vs. ZUBKE, Town Clerk, Respondent.

*November 7—December 3, 1929.*

For the appellant there were briefs by *McGovern, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *Francis E. McGovern*.

For the respondent there was a brief by *Skinner & Thauer* of Watertown and *Clark & Lueck* of Beaver Dam, and oral argument by *Arthur W. Lueck* and *Wallace Thauer*.

STEVENS, J. The fundamental question presented is whether sec. 80.13 of the Statutes gives the town board the power to lay out a public highway in any case except that in which the applicants are unable to reach a public highway without going over lands owned by other persons.

Upon first reading, sec. 80.13 may appear to authorize the entry of the order here in question. But when this statute is considered in the light of its legislative history, it is

clear that it was the intent to limit the power of the board to act under this statute to those cases in which the applicant had no way of reaching the public highway over lands owned by himself, regardless of the question whether the application is to have a new highway laid out or an existing right of way widened.

Sec. 80.13 from the time of its enactment in 1873 down to 1915 required the applicant to establish the fact that he was "shut out from all public highways." In 1915 the statute was amended by adding "or that he is the owner of real estate (describing the same) and of a private way or road leading from his said real estate to a public highway but that such road or way is too narrow, giving its width, to afford him reasonable access to and from his real estate to said public highway." Both before and after this amendment the title of the section was, "Owner's right of way to land other than by water." While the statute remained in this form it might be urged with some force that it was the legislative intent by the adoption of this amendment to give the town board the power to make such an order as that here in question in those cases where the applicant did have access to the public highway over his own lands.

But in 1923 the legislature very clearly expressed the intent to limit the power to widen existing rights of way to those cases where the applicant had no access to a public highway over his own land. By sec. 16, ch. 108, of the Laws of 1923 the title to this section was amended to read: "Land excluded from highway." This amendment clearly evidenced an intent to limit the power to either lay out a new highway or to widen an existing right of way to those cases where the applicant cannot reach a public highway by going over his own land.

Highways laid out under sec. 80.13 of the Statutes are ways of necessity established to give those who are entirely shut off from a public highway access to the same. Where applicants can reach a public highway by traveling over their

own land, there is no such necessity as will warrant the taking of the land of another for that purpose.

It follows that sec. 80.13 gave the town board no power to lay out the highway here in question; that the board acted without jurisdiction; and that the trial court was in error in quashing the writ of *certiorari*. Had the application to lay out this highway been made under the general highway statute, a different question might have been presented.

The judgment is reversed, and the cause remanded with directions to enter judgment vacating the order laying out the highway here in question.

*By the Court.*—So ordered.